IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DIEGO GAMARRA | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv247 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Diego Gamarra, a federal prisoner, with counsel, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On April 19, 2017, in the Eastern District of Texas, movant and two co-defendants were charged with one count of coercion and enticement of minors and aiding and abetting, two counts of production of child pornography, and two counts of distribution of child pornography. *See United States v. Young*, No. 9:17cr8, ECF No. 16, (E.D. Tex. 2017). For his role, movant was charged only with coercion and enticement of minors and aiding and abetting, in violation of 18 U.S.C. §§ 2422(b) and 2. *Id.* Movant was arrested in Houston, Texas on May 12, 2017.

On September 18, 2017, the court set a pretrial conference for November 30, 2017, and jury selection and trial to begin on December 11, 2017. On November 7, 2017, movant appeared before the court with counsel for a change of plea hearing and entered a plea of guilty to the charge of

coercion and enticement of a minor, in violation of 18 U.S.C. §§ 2422(b). Movant did not sign a written plea agreement, but did sign a Factual Basis supporting his guilty plea.

Movant appealed his conviction arguing he was not properly informed of the nature of the charge, a violation of Rule 11; he should not have received a two-level sentencing enhancement for unduly influencing the minor victim; he should have received a sentencing reduction for being a minor participant; and the court failed to orally pronounce the special conditions of supervised release. *United States v. Gamarra*, No. 18-40855 (5th Cir. Aug. 6, 2020). The Fifth Circuit affirmed the judgment of the district court, denying all of movant's grounds on August 6, 2020. *Id.*

### The Motion to Vacate

Movant brings this motion to vacate, set aside or correct sentence asserting that his conviction and sentence should be vacated because trial counsel provided ineffective assistance by failing to challenge the adequacy of the factual basis of the plea.

### The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts that movant's claims are without merit. The respondent asserts that movant has not presented evidence, and the record does not otherwise show, that trial counsel was ineffective for failing to challenge the sufficiency of the factual basis of the plea. Accordingly, the respondent asserts the motion should be denied.

### Analysis

I.  *Standard of Review*

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the

constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992) (en banc decision) (quoting *United States v. Frady*, 456 U.S. 152 (1982)); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

*Effect of Guilty Plea*

A guilty plea will be upheld on collateral review if entered into knowingly, voluntarily and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). If a defendant understands the charges against him, understands the

consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994). A court must satisfy itself that the plea is knowing and voluntary. *Id.* at 657.

"It is well-settled that when a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted), *cert. denied*, 466 U.S. 906 (1984). To prevail on an ineffective assistance of counsel claim, the movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

*Elements of the Offense*

Movant pleaded guilty to the offense of coercing and enticing a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2242.

Title 18 U.S.C. § 2422(b) states, in relevant part the following:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined [and imprisoned].

18 U.S.C. § 2422(b).

> Under § 2422(b), regarding coercion and enticement of a minor, the Government is required to prove that the defendant: (1) used a facility or means of interstate commerce to commit the offense, (2) with awareness that the person he communicated with was younger than eighteen, and (3) knowingly persuaded, induced, enticed, or coerced the minor (4) to engage in "any sexual activity for which any person can be charged with a criminal offense."

*United States v. Dige*, No. 20-40688, 2022 WL 944700 (5th Cir. Mar. 29, 2022) (quoting *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014)).

*Plea Proceedings*

At the Change of Plea Hearing, movant stated he was thirty-two years old and had completed some college course work at Lone Star College. Movant acknowledged he was aware of his rights, such as the right to trial by jury, the right to assistance of counsel, he had a right not to testify, he had a right to hear testimony against him, and he had a right to call and subpoena witnesses and cross-examine the witnesses called on behalf of the United States. Movant acknowledged his understanding of the waiver of these rights and had no questions for the court.

Movant was advised of the elements of the charge against him and acknowledged that he understood each of the elements required for conviction. Movant also acknowledged he understood these are the matters that the government is required to prove beyond a reasonable doubt in order to convict him if the case went to trial. Movant acknowledged that he understood the range of punishment for the count to which he was pleading guilty and the possible consequences of his guilty plea.

Movant stated he had not been treated for any mental illness (other than depression) or any addiction to drugs of any kind and was not currently under the influence of any mind-altering drug, medication or alcoholic beverage. Additionally, both movant's counsel and counsel for the Government affirmed there was no reason to doubt movant's competence to plead guilty.

Movant acknowledged that he had fully discussed with his attorney the Indictment, the facts of this case and any possible defenses he may have. Movant stated he was satisfied with his attorney and was satisfied with counsel, his representation, and the advice given to him in this case. Counsel

affirmed that he had fully and completely discussed the facts of the case and the elements of the offense with movant.

*Ineffective Assistance of Counsel*

In the context of a guilty plea, a claim that a plea was involuntary due to counsel's deficient performance necessarily encompasses the issue of whether counsel was ineffective under the *Strickland* standard. "[A] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not a reasonably competent attorney and the advice was not within the range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687 (internal quotation marks and citation omitted). In order to show *Strickland* prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of actions open to the defendant." *Id.* 474 U.S. at 56. Additionally, the Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977).

A review of the record in this case reveals that movant's current assertion that counsel provided ineffective assistance by failing to challenge the adequacy of the factual basis of the plea lacks merit. In the Fifth Circuit, it is clear that using a means of interstate commerce in a knowing attempt to persuade, induce, or entice individuals whom he believed to be under the age of 18 to engage in sexual activity with him is proscribed by § 2422(b). *United States v. Caudill*, 709 F.3d

444, 446 (5th Cir. 2013). Movant, like the defendant in *Caudill*, attempts to argue that there is no evidence of an essential element of the offense because he did not communicate directly with the child. However, in this case, as in *Caudill*, the stipulated facts make abundantly clear that movant utilized the internet. Movant agreed in the Factual Basis that he used KIK, an instant messenger software application for mobile devices, to communicate with the minor victim's father, Travis Young. *See* Factual Basis, ECF No. 65 at 2. Captured conversations between movant and the victim's father discussed meeting in Lufkin, Texas to engage in sexual acts and sexual contact the victim. Later movant notified Young of the hotel address at which sexual activity between the minor victim and co-defendant Young would take place. *Id.* at 2-5. The Eleventh Circuit has held that by negotiating with the purported father of a minor, the defendant, like the movant in this case, had "attempted to stimulate or cause the minor to engage in sexual activity with him. Consequently, [movant's] conduct fits squarely within the definition of 'induce.'" *See United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004). The undersigned finds the reasoning of *Murrell* persuasive in this case.

In light of the record in this case, movant's current assertion does not support the conclusion that his plea was either unknowing or involuntary. "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)).

Movant has provided insufficient support for his claim of ineffective assistance against counsel. In light of the record, the Factual Basis, and the statements movant made in open court at the Change of Plea hearing, movant has failed to show deficient performance of counsel. Thus, it cannot be concluded that movant's plea was involuntary or unknowingly entered.

Movant also has failed to make the requisite showing of prejudice regarding his claims against counsel. At no point prior to his motion to vacate did movant ever seek to withdraw his plea. While movant challenged his guilty plea on direct appeal raising an alleged Rule 11 violation, the Fifth Circuit found movant "failed to allege, much less establish, that there is a reasonable probability that he would not have pleaded guilty but for this purported Rule 11 error." *United States v. Gamarra*, No. 18-40855 (5th Cir. July 15, 2020). Movant's motion to vacate likewise fails to establish there is a reasonable probability he would have not pleaded guilty but for counsel's alleged insufficient advice.

The possibility of a different outcome is insufficient to show he was prejudiced by counsel's alleged actions. Moreover, the record fails to demonstrate the outcome of the process would not have been different with the advice he now claims was essential. Thus, movant has failed to show any prejudice related to his claims against trial counsel. Therefore, movant's claims are without merit, and the motion to vacate should be denied and dismissed.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be denied and dismissed.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 22nd day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge