IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DIEGO GAMARRA | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv247 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Movant Diego Gamarra, an inmate confined at the Federal Correctional Institution located in Seagoville, Texas, proceeding with counsel, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying and dismissing the motion to vacate.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes movant's objections should be overruled.

Movant contends trial counsel rendered ineffective assistance of counsel for failing to challenge the adequacy of the factual basis of the plea. Movant, however, has shown neither deficient performance of counsel nor prejudice. On direct appeal, movant raised a similar argument as he raised here regarding the sufficiency of the evidence and his culpability. Movant asserted the following on appeal:

> Mr. Gamarra was charged with a violation of 18 U.S.C. § 2242(b). This statute requires the defendant to knowingly persuade, induce, or entice or coerce a minor into prostitution or a sexual act. The limited facts laid out reflect that Mr. Young was

> the father of the victim and had advertised the young victim on Craigslist. Mr. Young had used the victim before and was trying to use her the following day when he was arrested.
>
> Mr. Gamarra and Ms. Sanchez agreed to meet Mr. Young in order that Ms. Sanchez could have sex with the victim. The sex never happened and what did occur was at the command of Mr. Young. Thus, there is a legitimate question if Mr. Gamarra was aware that the elements required that he entice or otherwise convince the victim to have sex, would he have ever plead guilty and would have instead insisted on going to trial.

*See United States v. Gamarra*, No. 18-40855, Appellate Brief (ECF No. 24-2 at 18-19). The Fifth Circuit found movant had "failed to demonstrate that the district court's findings that he unduly influenced the minor victim to engage in criminal sexual activity and that he was not less culpable than most of the other participants in the offense are not plausible in light of the record as a whole." *See United States v. Gamarra*, No. 18-40855, 812 Fed. App'x 259 (5th Cir. July 15, 2020). Further, with respect to movant's Rule 11 claim that the court failed to advise him of the nature of the charge, the Fifth Circuit found he "failed to allege, much less establish, that there is a reasonable probability that he would not have pleaded guilty but for this purported Rule 11 error." *Id.* Additionally, as part of the Factual Basis supporting the plea of guilty, which was signed by both movant and his attorney, movant admitted "that he used facilities of interstate and foreign commerce including his cellular telephone, the Internet, and KIK Messenger to communicate with others to persuade, induce, entice, and coerce and to attempt to persuade, induce, entice, and coerce Victim 1 to engage in sexual activity." *See* Factual Basis (ECF No. 65 at 5). With respect to his ineffective assistance of counsel claim, this Court finds that movant has not alleged, much less shown, there is a reasonable probability that but for counsel's alleged errors he would not have pleaded guilty and would have insisted on going to trial. Thus, movant has failed to show prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Moreover, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under

prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, movant's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 11th day of September, 2024.**

Michael J. Truncale
United States District Judge