IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DIEGO GAMARRA | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv247 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Diego Gamarra, an inmate confined at the Federal Correctional Institution located in Seagoville, Texas, proceeding with retained counsel Franklyn Ray Mickelson, brought the above-styled Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court denied and dismissed the Motion to Vacate on September 11, 2024.

Pending before the Court are Movant's Motion for Leave to File Out-of-time Appeal [Dkt. 11], filed November 10, 2025, and Amended Motion to Enter Notice of Appeal Nunc Pro Tunc or, in the Alternative, to Reopen the Appeal Period [Dkt. 13], filed November 26, 2025.

Movant claims he requested that his attorney file a notice of appeal "immediately following the denial of his § 2255 petition" but counsel failed to do so. [Dkt. 11 at 1]. Movant also claims he filed a *pro se* "original Notice of Appeal, dated and mailed shortly after judgment was entered." [Dkt. 11 at 2 and Exh. A]. Movant later clarifies that his alleged *pro se* Notice of Appeal was mailed on September 24, 2024. [Dkt. 13 at 1 and 13-1 Exh. A].

Movant further asserts that he filed a Motion for Certificate of Appealability with the Court of Appeals for the Fifth Circuit which was "denied solely because 'no new case number' had been issued by the district court." [Dkt. 11 at 2]. Movant argues he has been diligent in his efforts to

perfect his appeal and "the loss of [his] appellate rights was due entirely to counsel's failure and administrative oversight, not to any fault or delay by the Defendant." [Dkt. 11 at 2].

## Analysis

In cases where the United States is a party, such as this action, Rule 4(a)(1)(B), FED. R. APP. P., requires that the notice of appeal in a civil action be filed within 60 days of entry of the judgment or order from which appeal is taken. Pursuant to FED. R. APP. P. 4(a)(5)(A), however, the district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by Rule 4(a), that party shows excusable neglect or good cause.

Here, Movant's earliest document filed in the district court after entry of the Final Judgment was his "Request for Clarification Regarding Pending Certificate of Appealability" filed on February 12, 2025, more than five months after entry of the final judgment. [Dkt. 10]. Notably, in that document, Movant claimed he "directed his attorney to file the motion for appeal, which was submitted accordingly." [Dkt. 10]. This statement directly contradicts Movant's later assertion that he filed a *pro se* Notice of Appeal on September 24, 2024. [Dkt. 13 at 1 and 13-1 Exh. A].

Movant's argument of alleged attorney abandonment also fails to warrant relief because Movant was aware of the alleged abandonment on or before September 24, 2024 when he claims to have prepared and mailed a Notice of Appeal. Since September 24, 2024 was within the sixty day window to appeal the September 11, 2024 judgment, Movant has failed to show any prejudice related to counsel concerning this claim.

Next, on November 10, 2025, Movant filed his Motion for Leave to File Out-of-Time Notice of Appeal (Request to Reopen Appeal Period - Not a COA Request)" [Dkt. 11] and Notice of Appeal [Dkt. 12]. In his motion, Movant requested an out-of-time appeal pursuant to Rule 4(a)(6). It is noted that the purported Notice of Appeal, allegedly dated September 24, 2024, [Dkt. 12] appears to be a copy of the Notice filed as Exhibit A attached to his motion [Dkt. 11].

Under Rule 4(a)(6), a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only in certain circumstances not present in this case. Here, Rule 4(a)(6) is inapplicable because Movant received the final judgment in a timely manner and his motion was not made within 180 days after the judgment was entered. *See* FED. R. APP. P. 4(a)(6). Further, to the extent Movant's motions are liberally interpreted as motions for extension of time under Rule 4(a)(5), the motions are untimely. Accordingly, the motions should be denied.

Movant also argues that he filed a notice of appeal on September 24, 2024. (Dkt. 11 Exh. A and 13-1 Exh. A]. However, there is no evidence such as a post-mark or certified mail receipt showing that the document was, in fact, mailed by Movant or received by any Court. Further, Movant's Certificate of Service does not substantially comport with the statute governing unsworn declarations under penalty of perjury and does not satisfy the requirements of the prison mailbox rule, under which a *pro se* prisoner's pleading is considered filed when the document was placed in the prison mailing system. *See Liao v. Bondi*, 162 F.4th 591, 526 (5th Cir. 2025); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988) and *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1998)).

Next, Movant again argues for relief under Rule 4(a)(6) in his Motion to Reopen the Appeal Period. [Dkt. 13]. This argument, however, also lacks merit for the same reasons set forth above. As previously set forth, under Rule 4(a)(6) a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only in certain circumstances not present in this case. Here, Rule 4(a)(6) is inapplicable because Movant received the final judgment in a timely manner and his motion was not made within 180 days after the judgment was entered. *See* FED. R. APP. P. 4(a)(6). Therefore, the motion should be denied.

Movant further asserts that he filed a Motion for Certificate of Appealability which was "denied solely because 'no new case number' had been issued by the district court." [Dkt. 11 at 2]. The purported document is allegedly marked with a "Received" stamp by the Fifth Circuit Court of Appeals, dated October 15, 2024. [Dkt. 11 at 2 and Exh. B]. However, there is no evidence on the Fifth Circuit website that this motion was ever received or filed by the Fifth Circuit. A review of the Fifth Circuit website reveals only two cases filed by Movant, Appeal Nos. 18-40855 and 25-40745. *See* http://coa.circ5.dcn/Viewcase.aspx. Moreover, there is no evidence indicating why the document was not "filed," nor is there any record that the document was forwarded to the district court. As with Movant's above documents, Movant's Certificate of Service does not substantially comport with the statute governing unsworn declarations under penalty of perjury and does not satisfy the requirements of the prison mailbox rule, under which a *pro se* prisoner's pleading is considered filed when the document was placed in the prison mailing system. Finally, Movant has

4

failed to state any meritorious ground for relief under Rule 60(b).  Accordingly, Movant's motions should be denied.  It is

ORDERED that Movant's motions [Dkt. 11 and 13] are DENIED.

**SIGNED this 10th day of February, 2026.**

_____
Michael J. Truncale
United States District Judge